UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OSWALD A. LEWIS,

    Plaintiff,

  -against-

JOHN MARZULLI and JEFF BACHNER,

    Defendants.
----------------------------------X

**MEMORANDUM & ORDER**
16-CV-4021 (KAM)(JO)

**MATSUMOTO, United States District Judge:**

    Plaintiff Oswald A. Lewis, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* defamation action against two purported newspaper reporters, John Marzulli and Jeff Bachner. Plaintiff has paid the requisite filing fee to bring this action. For the reasons provided herein, this action will be dismissed 21 days after the date of this order unless plaintiff amends his complaint to allege sufficient facts to establish subject matter jurisdiction.

## BACKGROUND

    Plaintiff alleges that Marzulli and Bachner, employees of the New York Daily News, "published numerous untrue statements in print and online that were outrageous, reckless and misleading" regarding plaintiff's arrest and criminal trial in this court. (*See* ECF No. 1, Complaint ("Compl.") at 2)[1]; *United States v.*

---

[1] Because plaintiff's filings lack pagination, the court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

1

*Lewis*, No. 14-CR-523. Plaintiff argues that defendants' defamation of [his] character exposed the plaintiff to public contempt and induce[d] an evil opinion of him." (Compl. at 2.) Plaintiff seeks retraction of the statements and unspecified damages. (*Id.* at 6.) The court has considered the parties' submissions after the filing of the complaint, including but not limited to the defendants' pre-motion conference letter (ECF No. 5), the plaintiff's response which agrees to dismiss defendant Jeff Bachner with prejudice (ECF No. 9), and defendants' letter dated September 13, 2016. (ECF No. 10.)

## STANDARD OF REVIEW

At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. See *Erickson v. Pardus*, 551 U. S. 89, 94 (2007).

## DISCUSSION

Although plaintiff is proceeding *pro se*, and his complaint is held to less stringent standards than pleadings drafted by lawyers, *see id.*, he still must establish that the court has subject matter jurisdiction over his action. S*ee, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (recognizing that a plaintiff's "pro se status does not exempt [him] from compliance with relevant rules of procedural and substantive law and dismissing pro se complaint for lack of subject matter jurisdiction" (internal quotation marks and citation omitted)). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or *sua sponte* by the court. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U. S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The basic statutory grants of subject matter jurisdiction are found in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction generally exists only where (1) the action presents a federal question pursuant to 28 U.S.C. § 1331 or (2) where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Igartua v. Dept. of Homeless Svcs.*, Nos. 15-CV-3806, 15-CV-3807, 2015 WL 4656557, at *2 (E.D.N.Y. Aug. 5, 2015) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks and citation omitted).

Here, plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331, but "there is no federal cause of action for defamation because it 'is an issue of state law, not of federal constitutional law.'" *Singletary v. Chalifoux*, No. 13-CV-4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Thus, even liberally construed, plaintiff's complaint does not present a federal question. Plaintiff's complaint might also be read to assert a claim for false light/invasion of privacy. (*See* Compl. at 3.) There is no cause of action under New York law for false light/invasion of privacy, however. *See Wright v. Belafonte*, No. 12-CIV-7580, 2014 WL 1302632, at *2 (S.D.N.Y. Mar. 31, 2014) ("'[F]alse light/invasion of privacy' is not a cause of action in

4

New York."). Even if false light/invasion of privacy were a cause of action under New York state law, there would still be no federal question jurisdiction because false light/invasion of privacy does not present an issue of federal statutory or constitutional law.

Plaintiff explicitly pled only the existence of federal question jurisdiction. (See ECF No. 1-1.) Plaintiff did not contend in his complaint that diversity jurisdiction exists. In a letter dated September 7, 2014, plaintiff refers to multiple statutes upon which he relies for jurisdiction. (ECF No. 9.) He provides no facts to support jurisdiction, however. Further, there is no indication that the parties here are diverse. (*See* ECF No. 5, at 2 n.2.) Plaintiff appears to argue in a letter to the court, however, that diversity jurisdiction exists. (*See* ECF No. 9, at 1, 5.) Accordingly, plaintiff will be provided an opportunity to amend his complaint for the limited purpose of stating facts that would establish diversity of citizenship.

## **CONCLUSION**

Accordingly, plaintiff may amend his complaint by October 25, 2016 to plead facts establishing federal jurisdiction. If he fails to do so by October 25, 2016, this action will be dismissed with prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). "Regardless of whether a plaintiff has paid the filing fee or not, a district court may dismiss the case, *sua sponte*, if it determines that it lacks subject matter

jurisdiction over the action." *Giovacco v. Hickey*, No. 10-CV-5389, 2010 WL 5071493, at *1 (E.D.N. Y. Dec. 7, 2010). Plaintiff is granted leave to amend for the limited purpose of stating facts that would establish federal question or diversity jurisdiction. Defendant Jeff Bachner is dismissed with prejudice pursuant to plaintiff's September 7, 2016 letter. The Clerk of Court is respectfully requested to serve a copy of this memorandum and order on the pro se plaintiff.

**SO ORDERED.**

Dated:   October 7, 2016
         Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge